UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO G. CORTEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:19-cv-01801 CKD (SS)<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for disability and disability insurance benefits under Title II and Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1958, applied on October 20, 2016 for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability beginning May 30, 2015. Administrative Transcript ("AT") 59, 211-219. Plaintiff alleged he was unable to work due to back injury, back pain, diabetes, and high blood pressure. AT 85. In a decision dated July 12,

2018, the ALJ determined that plaintiff was not disabled.[1]  AT 21-29.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since May 30, 2015, the alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative disc disease and insulin dependent diabetes mellitus.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

> finds that the claimant has the residual functional capacity to perform a wide range of medium work. The claimant can lift and/or carry and push and/or pull up to 25 pounds frequently and 50 pounds occasionally. Further, he can sit for up to 6 hours in an 8-hour workday and stand and/or walk for up to 6 hours in an 8-hour workday. However, the claimant can never climb ladders, ropes, and scaffolds, but can occasionally climb ramps and stairs. In addition, he can never work around moving dangerous machinery or unprotected heights.
>
> 5. The claimant is capable of performing past relevant work as a tractor-trailer driver, wine pasteurizer, and winery worker. This work does not require the performance of work-related activities precluded by the claimant's maximum residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from May 30, 2015, through the date of this decision.

AT 24-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in evaluating multiple doctors' medical opinions such that the RFC is not supported by substantial evidence; (2) the ALJ erred in evaluating the vocational expert's testimony; and (3) the ALJ improperly discounted plaintiff's credibility based on his reported daily activities.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A.  Residual Functional Capacity

The ALJ determined that plaintiff could perform "a wide range of medium work" and that he could lift, carry, push or pull up to 25 pounds frequently and 50 pounds occasionally. AT 24-25. Plaintiff contends that all four doctors who opined on his functioning stated that he should not lift more than 25 pounds, and that the ALJ erroneously based the RFC on his lay opinion that plaintiff could occasionally lift 50 pounds.

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

////

4

1. Dr. Rhee

Plaintiff was in his mid-50s and working as a machinery operator at a winery when he was injured on the job in July 2014. AT 25, 29, 253. As set forth in the ALJ's decision, treating physician Dr. James Rhee "provided several work status letters dated from July 2014 limiting the claimant to varying ranges of work throughout his treatment." AT 27, citing AT 324-392.

At first, Dr. Rhee opined that plaintiff could carry 5 to 10 pounds, but by September 2014, "his lifting and carrying restrictions were upgraded to 10 to 20 pounds, and again to 15 to 25 pounds the following month." AT 27, citing AT 371-376. "[Dr. Rhee's opined] restrictions fluctuated around this range through January 2015, with a trial return to full duty in March 2015. The claimant reported aggravation of his symptoms at full duty, so [in April 2015, shortly before the alleged disability onset date of May 30, 2015,] Dr. Rhee assigned permanent and stationary limitations of lifting and carrying 20 to 25 pounds." AT 27, citing AT 345-346 (emphasis added). "These assessments are given little weight," the ALJ wrote, "because they vary significantly in a short period of time" and therefore "are of minimal probative value as they relate to the entire period." AT 27.

In March 2017, Dr. Rhee "stated that [plaintiff] may be disabled from his original line of work, but he declined to state that he was disabled from all work." AT 27, citing AT 407. This opinion failed to provide specific functional limitations. See AT 27.

"Next, Dr. Rhee provided a medical source statement in May 2017. He opined that the claimant could lift and carry 20 to 25 pounds occasionally" and had various other functional limitations. AT 27, citing AT 400-402. The ALJ gave this opinion "little weight because there is no support in the record for limitations in manipulations or cervical spine maneuvering in 2017." AT 28.

2. Dr. Renbaum

The ALJ noted in his decision that, in December 2015, plaintiff underwent an orthopedic evaluation performed by qualified medical examiner (QME) Dr. Joel Renbaum. AT 28, citing AT 468-476.

////

5

> Dr. Renbaum interviewed the claimant and performed an examination, but indicated that he had no access to medical records.
> . . .
>
> Based on the examination, Dr. Renbaum diagnosed thoracic strain and lumbosacral strain with radicular pain. He opined that the claimant was permanent and stationary at the time of examination . . . and was precluded from repetitive bending or stooping and from pushing, pulling, or lifting more than 15 pounds. Accordingly, Dr. Renbaum opined that he was incapable of resuming his customary work activities.
>
> Then, in late March 2016, Dr. Renbaum completed a form indicating that the claimant could return to work with restrictions. Specifically, he opined that the claimant could stand, walk, and sit for two to four hours; climb, forward bend, kneel, crawl, and twist for one to two hours; and keyboard for six to eight hours. Finally he <u>opined that the claimant could not lift or carry more than 15 pounds at the height of the shoulders for more than two hours.</u>

AT 28 (emphasis added), citing AT 468-476.

The ALJ gave Dr. Renbaum's 2015 and 2016 opinions little weight "because the limitations assessed are not supported by minimal findings on physical examination as discussed above." AT 28.

### 3. Agency Medical Consultants

The ALJ next assessed the opinions of State agency medical consultants, Dr. L. DeSouza and Dr. Leslie Arnold, who "opined that the claimant could perform a reduced range of medium work <u>with modified lifting and carrying restrictions to 25 pounds occasionally and 20 or 25 pounds frequently</u> with additional postural limitations." AT 28 (emphasis added), citing AT 59-82, 85-110.

"These opinions are given only some weight because they are only partially supported by the record and are generally more restrictive than the objective and other evidence necessitate. Therefore, more weight is not appropriate," the ALJ concluded.

### 4. Analysis

Plaintiff argues that none of the medical opinions supported a finding that he could lift, carry, push or pull up to 50 pounds occasionally, as set forth in the RFC.

In 2015 and again in 2017, treating physician Dr. Rhee opined that plaintiff was limited to lifting and carrying 20 to 25 pounds. No physician who examined plaintiff or his medical record

1  found that he could lift or carry more than 25 pounds, occasionally or at all.  To the contrary,
2  examining physician Dr. Renbaum found plaintiff capable of carrying only 15 pounds for no
3  more than two hours.  Thus, Dr. Rhee's opinions limiting plaintiff to 20 to 25 pounds are
4  uncontradicted as to this limitation.

5       To evaluate whether an ALJ properly rejected a medical opinion, in addition to
6  considering its source, the court considers whether (1) contradictory opinions are in the record,
7  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a
8  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81
9  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be
10  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at
11  830.  While a treating professional's opinion generally is accorded superior weight, if it is
12  contradicted by a supported examining professional's opinion (e.g., supported by different
13  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala , 53 F.3d
14  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In
15  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
16  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,
17  minimally supported opinion rejected); see also Magallanes , 881 F.2d at 751.  The opinion of a
18  non-examining professional, without other evidence, is insufficient to reject the opinion of a
19  treating or examining professional.  Lester, 81 F.3d at 831.

20       The ALJ was required to supply "clear and convincing" reasons to reject the
21  uncontradicted opinions of treating physician Dr. Rhee.  However, the ALJ's decision does not
22  specifically explain why he rejected Dr. Rhee's opined weight limitations, which stayed
23  essentially the same (20 to 25 pounds) between April 2015 (around the time of the alleged onset
24  date) to May 2017.  See AT 27-28.

25       The ALJ discounted Dr. Rhee's May 2017 opinion on plaintiff's functional limitations for
26  the following reason: "[T]here is no support in the record for limitations in manipulations or
27  cervical spine maneuvering in 2017."  AT 28.  However, in a March 2017 progress note, Dr. Rhee
28  noted that plaintiff had a reduced range of motion with mild restriction of lumbar flexion and

"may be disabled from his original line of work," though not necessarily for "all forms of work." AT 407. He diagnosed plaintiff with "chronic low back pain from a low-speed motor vehicle accident, having limited relief after L5-S1 facet joint injections." AT 407. Contrary to the ALJ's reasoning, there was some record support for spinal limitations in 2017.

Having reviewed the parties' arguments and the record, the undersigned concludes that the ALJ impermissibly relied on his lay opinion in determining that plaintiff could occasionally lift 50 pounds at work. See Tawnya T. v. Saul, 2019 WL 4422680, at *2 (C.D. Cal. July 9, 2019) ("It appears that, having rejected all the medical opinions, the ALJ formulated his own opinion as to the impact of Plaintiff's medical condition on her ability to function. Although an ALJ need not adopt the RFC opined by any particular physician, he must base his finding on some competent evidence. Here, the ALJ impermissibly substituted his own opinion for that of the physicians."); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . and must not succumb to the temptation to play doctor and make . . . independent medical findings.").

The undersigned further concludes that the error was not harmless. Based on an RFC for a wide range of medium work, the ALJ found plaintiff could perform his prior job "as a tractor-trailer driver, wine pasteurizer, and winery worker." AT 29. Plaintiff's Disability Report indicates that, in the course of his job as a winery worker, he "carried boxes with [ch]emicals for the crops," frequently lifting 25 pounds and, at times, up to 50 pounds. AT 246. His Work History Report indicates that he carried up to 60 pounds, and that his job included driving machinery and handling grape vines several hours a day. AT 254. Given that the 50-pound weight limit in the RFC was not supported by substantial evidence, it is not at all clear that plaintiff could perform his previous work, as the ALJ concluded, and the ALJ made no alternative findings that plaintiff could perform other, less physically demanding jobs available in the national economy.

Based on the foregoing, the undersigned concludes that plaintiff is entitled to summary judgment because the RFC was not supported by substantial evidence. The court does not reach the remaining issues.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

For the reasons stated herein, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is granted;
2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is denied; and
3. The matter is remanded for further proceedings consistent with this order.

Dated:  December 2, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/cortez1801.ssi.ckd